# Exhibit 1



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| BRANDY JO ARABI / SHEILA ROBERTS<br>KINDER MORGAN INC<br>1001 LOUISIANA ST STE 1000<br>HOUSTON TEXAS 77002 | **Date Processed:** | 03/05/2021 |
| | **Completed By:** | LEIGH JOHNSON |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 137233062197 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>03/05/2021  3:30 PM in CALIFORNIA | **Transmittal #**<br>CA-200984 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|

| **With Regard to Client** |
|---|
| KINDER MORGAN, INC. |

| **Title of Case or Action** |
|---|
| LARRY BARRAGAN ET AL V. KINDER MORGAN, INC. ET AL |

| **Case Number**<br>21STCV06844 | **Type of Document Served**<br>CITATION/SUMMONS |
|---|---|

| **Court Name** |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |

| **Note** |
|---|
| |



1-200984H

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KINDER MORGAN, INC.; KINDER MORGAN TERMINALS, INC.; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LARRY BARRAGAN and FRANK CALANDRINO, individually and on behalf of all similarly situated current and former employees

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **CONFORMED COPY** |
| **ORIGINAL FILED** |
| Superior Court of California |
| County of Los Angeles |
| **FEB 22 2021** |
| Sherri R. Carter, Executive Officer/Clerk of Court |
| By: Tanya Herrera, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse | **21STCV06844** |
| 111 North Hill Street | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua F. Young, Gilbert & Sackman, ALC, 3699 Wilshire Boulevard, Suite 1200, Los Angeles, CA 90010, (323) 938-3000

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)*  FEB 22 2021 | SHERRI R. CARTER | *(Secretario)*  Tanya Herrera | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):*  Kinder Morgan, Inc.

   under: ☒☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

1 | JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
2 | JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
3 | **GILBERT & SACKMAN**
**A LAW CORPORATION**
4 | 3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
5 | Telephone: (323) 938-3000
Fax: (323) 937-9139
6 |
RANDY RENICK (CA Bar No. 179652)
7 | (Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
8 | (Email: cdai@hadsellstormer.com)
**HADSELL STORMER RENICK & DAI, LLP**
9 | 128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
10 | Telephone: (626) 585-9600
Fax: (626) 577-7079
11 |
Attorneys for Plaintiffs Larry Barragan and Frank
12 | Calandrino

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 22 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Tanya Herrera, Deputy

13

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

14

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

15

16

| | |
|---|---|
| 17 LARRY BARRAGAN and FRANK CALANDRINO, individually and on behalf of all similarly situated current and former employees, | Case No. **21STCV06844** |
| 18 | CLASS ACTION |
| 19 Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
| 20 v. | |
| 21 KINDER MORGAN, INC.; KINDER MORGAN TERMINALS, INC.; and DOES 1 through 10, inclusive, | 1. Failure to Authorize and Permit Rest Periods (Lab. Code §§ 226.7, IWC Wage Order 1-2001); |
| 22 | 2. Failure to Furnish Accurate Wage Statements (Lab. Code. §§ 226 and 226.3) |
| 23 Defendants. | 3. Private Attorneys General Act (Lab. Code § 2698 *et seq.*); |
| 24 | 4. Violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*) |
| 25 | |
| 26 | DEMAND FOR JURY TRIAL |

27

## By Fax

28

## **INTRODUCTION**

1.     LARRY BARRAGAN and FRANK CALANDRINO ("Named Plaintiffs") bring this action against Defendants KINDER MORGAN, INC. and KINDER MORGAN TERMINALS, INC. (together, "Kinder Morgan"), and other as of yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by Defendants at oil pipeline and terminal facilities located in Carson, California (the "Carson Terminal"), and Long Beach, California (the "Los Angeles Harbor Terminal").

2.     Named Plaintiffs seek class-wide relief under California law for Defendants' breach of its legal obligations to authorize and permit rest periods and to furnish timely and accurate wage statements, pursuant to California Labor Code §§ 226, 226.3, 226.7, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to operators at its Carson and Los Angeles Harbor Terminals.

3.     Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendants' unlawful, unfair, and fraudulent business practices which have deprived its employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

4.     Named Plaintiffs, suing on behalf of themselves and the putative class members, also seek relief under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

## **THE PARTIES**

5.     Named Plaintiff Larry Barragan is, and at all relevant times was, a competent adult residing in Lakewood, California, in Los Angeles County.

6.     Named Plaintiff Frank Calandrino is, and at all relevant times was, a competent adult residing in San Pedro, California, in Los Angeles County.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

7. Named Plaintiffs are and have been employed by Defendants within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently are or were employed as operators at the Carson and Los Angeles Harbor Terminals.

8. Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former hourly employees of Kinder Morgan, Inc. or Kinder Morgan Terminals, Inc., who worked a 12-hour rotating shift at the Carson and Los Angeles Harbor Terminals, since February 22, 2017.

9. Defendant Kinder Morgan, Inc. is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Kinder Morgan, Inc., is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Kinder Morgan, Inc.'s headquarters is in Houston, Texas.

10. Defendant Kinder Morgan Terminals, Inc. is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Kinder Morgan Terminals, Inc., is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Kinder Morgan Terminals, Inc.'s headquarters is in Houston, Texas.

11. Since 2001, Kinder Morgan has owned and/or operated the pipeline and terminal facilities in or around Carson, California. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

12. Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

///

///

2

**VENUE**

13.    Venue is proper based on the location of work performed by Plaintiffs in Los Angeles County, the location of the Carson and Los Angeles Harbor Terminals, as well as the location of the commission of the acts alleged herein in Los Angeles County. The relief requested is within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

14.    Defendants have employed Plaintiffs and putative class members as operators at its Carson and Los Angeles Harbor Terminals. Because the process of handling and storing oil products requires constant monitoring, operators work a continuous rotating shift during which time they are never fully relieved from duty.

15.    Plaintiffs and the other operators are scheduled for and work 12-hour shifts, during the entirety of which Kinder Morgan requires them to remain on duty.

16.    Throughout their shifts, Kinder Morgan has required Plaintiffs and the other operators to monitor the oil storage and handling process, respond to upsets and critical events, and maintain the safe and stable operation of their units. In order to do so, Plaintiffs and the other operators are required to remain attentive, carry radios, and be reachable at all times during their shifts. Plaintiffs are also required to remain in contact with supervisors and other employees working in their unit throughout their shifts. As a result, Plaintiffs never receive off-duty breaks because they are constantly and continuously responsible for their units.

17.    Because operators are responsible for their units throughout their shifts, with no designated rest breaks or relief, Defendants have not authorized or permitted Plaintiffs to take off-duty rest breaks for every four-hour work period or major fraction thereof, as required by law.

18.    Defendants have not paid Plaintiffs an extra hour of wages for each workday during which they are not provided the off-duty rest breaks to which they are entitled under California law.

19.    Defendants have also routinely failed to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned, including wages for missed rest breaks.

///

3

## CLASS ALLEGATIONS

20.     Named Plaintiffs seek, on their own behalf and on behalf of the putative class members, unpaid wages owed as a result of Defendants' failure to authorize and permit rest periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek injunctive relief in the form of an order prohibiting Kinder Morgan from requiring employees to work for work periods of more than four hours or major fraction thereof without authorizing or permitting an off-duty rest period. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through its unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from its violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages.

21.     This action is appropriate for class treatment pursuant to California Code of Civil Procedure section 382.

22.     The proposed class which Named Plaintiffs seek to represent is composed of all current and former hourly employees of Kinder Morgan, Inc. or Kinder Morgan Terminals, Inc., who worked a 12-hour rotating shift at the Carson and Los Angeles Harbor Terminals, since February 22, 2017.

23.     The proposed class is estimated to include approximately 35 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

24.     There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants' failure to provide rest periods as required by law.

25.     Common questions of fact and law involved in this action include the following:

       a.     Whether Defendants failed to authorize and permit Plaintiffs to take rest periods in accordance with applicable California law because they failed to relieve them of all work duties during their shifts;

4

b. Whether Defendants failed to keep complete and accurate records of wages for missed rest periods in accordance with applicable California law;

d. Whether Defendants maintain or have maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law for missed rest periods;

e. Whether Defendants maintain or have maintained policies that adequately provided for off-duty rest periods in accordance with the requirements of applicable California law;

f. What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendants; and

g. Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

26. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

27. Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

28. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not

parties. This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

29.     Common issues predominate in that all of Plaintiffs' claims arise out of Defendants' failure to authorize or permit rest periods as required by California law. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

30.     Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## **ALLEGATIONS OF NAMED PLAINTIFFS**

31.     Plaintiff Larry Barragan works as a Head Gauger in the tank farm at the Carson Terminal. He has worked at the Carson Terminal since October 1992, when the facility was owned by GATX. In 2001, Kinder Morgan purchased the facility from GATX and Barragan began working for Kinder Morgan. He works 12-hour shifts on a rotating shift schedule. Defendants have not provided Plaintiff Barragan with rest breaks during which he is relieved of duty. Instead, throughout his shift, Defendants have required him to monitor his unit, respond to upsets and critical events, and maintain the safe and stable operation of the unit. Defendants have required him to remain attentive, carry a radio, and be reachable at all times during his shift. During his shift, Barragan is subject to frequent interruption by work-related radio calls and the continuous demands of his work based on the requirements of his job. Defendants also have required Barragan to remain in contact with supervisors and other employees working in the unit throughout his shift. As a result, Barragan never receives off-duty breaks because he is constantly and continuously responsible for his unit.

32.     Plaintiff Frank Calandrino works as a Head Gauger in the tank farm at the Los Angeles Harbor Terminal. He has worked at the Los Angeles Harbor Terminal since 1995, first for GATX and then for Kinder Morgan after Kinder Morgan purchased the facility in 2001. He works 12-hour shifts on

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

a rotating shift schedule. Defendants have not provided Calandrino with rest breaks during which he is relieved of duty. Instead, throughout his shift, Defendants have required him to monitor his unit, respond to upsets and critical events, and maintain the safe and stable operation of the unit. Defendants have required him to remain attentive, carry a radio, and be reachable at all times during his shift. During his shift, Calandrino is subject to frequent interruption by work-related radio calls and the continuous demands of his work based on the requirements of his job. Defendants also have required Calandrino to remain in contact with supervisors and other employees working in the unit throughout his shift. As a result, Calandrino never receives off-duty breaks because he is constantly and continuously responsible for his unit.

## FIRST CAUSE OF ACTION

FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

(Lab. Code § 226.7; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

33.     Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 28 above as if repeated here in full.

34.     California Labor Code sections 226.7 and Wage Order 1-2001, subd. 12(A), require employers to authorize and permit employees to take an off-duty, uninterrupted 10-minute rest period for every four hours of work or major fraction thereof. Under both California Labor Code section 226.7 and Wage Order 1-2001 section 12(B), if an employer fails to provide an employee a rest period in accordance with applicable California law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each day in which the required rest periods were not provided.

35.     Employers must authorize and permit employees to take 10 minutes in rest breaks for shifts lasting more than three and half hours and up to six hours, 20 minutes for shifts lasting more than six hours and up to 10 hours, and 30 minutes for shifts lasting more than 10 hours. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1009 (2012). During the required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

break time, including the obligation that an employee remain on call. *Augustus v. ABM Security Services, Inc.*, No. S224853, 2016 WL 7407328, at *1 (Cal. Dec. 22, 2016).

36.    Plaintiffs and the putative class members regularly worked for Defendants for periods of more than three and one-half hours and up to six hours when they were not authorized or permitted to take a 10-minute rest break, more than six hours and up to 10 hours when they were not authorized or permitted to take two 10-minute rest breaks, and more than 10 hours when they were not authorized or permitted to take three 10-minute rest breaks.

37.    Defendants have a policy or practice of failing to authorize and permit Plaintiffs and putative class members to take the rest periods to which they are entitled under California law.

38.    Defendants have a policy and practice of failing to pay Plaintiffs and the putative class members who were not provided with a rest period as required an additional one hour of compensation at each employee's regular rate of pay.

39.    As a result of Defendants' unlawful practices, Named Plaintiffs and putative class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## SECOND CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

(Lab. Code § 226; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

40.    Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 35, above, as though fully set forth herein.

41.    Named Plaintiffs are informed and believe that, at all relevant times, Defendants have knowingly and intentionally failed to furnish Named Plaintiffs and the putative class members with complete and accurate itemized statements, as required by California Labor Code section 226(a). The wage statements, among other things, failed to accurately provide the gross or net wages earned,

including the required premium wages earned for missed rest periods, as required by California Labor Code sections 226(a)(1) and (2).

42.   As a result of the Defendants' conduct as alleged above, Named Plaintiffs and the putative class members are each entitled under California Labor Code section 226(e) to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

### THIRD CAUSE OF ACTION

PRIVATE ATTORNEYS GENERAL ACT

(Lab. Code § 2698 *et seq.*)

(By All Named Plaintiffs and the Putative Class Members)

43.   Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 38, above, as though fully set forth herein.

44.   Each of the Named Plaintiffs is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of the Defendants pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiffs was employed by Defendants and the alleged violations of the California Labor Code were committed against Plaintiffs.

45.   The California Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* ("PAGA"), provides that "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ... for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees ...." Lab. Code § 2699(a).

46.   Named Plaintiffs allege, on behalf of themselves and other current and former employees of Defendants, that Defendants have violated, among other statutes and regulations, California Labor Code sections 226 and 226.7 and Wage Order 1-2001.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

47.     Pursuant to Labor Code § 2699(a) Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which Defendants are liable as a result of the foregoing violations of the Labor Code sections in an amount to be proven at trial, including, but not limited to, penalties under Labor Code sections 226.3, 558, and 2699(f) and Wage Order 1-2001.  Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

48.     Named Plaintiffs are in the process of exhausting their administrative remedies as required by Labor Code section 2699.3(a). Named Plaintiffs have provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendants as to the claims alleged herein, namely, the specific provisions of the California Labor Code, among other state statutes and regulations, that Defendants are alleged to have violated, as well as the facts and theories supporting those violations. When Plaintiffs' administrative remedies are exhausted, Plaintiffs will amend the Complaint.

## FOURTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

49.     Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 44, above, as though fully set forth herein.

50.     This claim is brought by the Named Plaintiffs on behalf of themselves, the putative Class, and the general public, pursuant to Business and Professions Code § 17200 *et seq.*

51.     The California Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.

52.     Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

53.     Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

54.     Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code § 17200 *et seq.*, depriving Named Plaintiffs, the putative class members, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

55.     Beginning on an exact date unknown to Named Plaintiffs, but since at least the four years preceding the filing of this Complaint and up to the present, Defendants have committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

a.     California Labor Code sections 226.7 (rest periods);

b.     California Labor Code section 226 (failure to furnish accurate wage statements); and

c.     Wage Order No. 1-2001 (rest periods).

56.     Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the unfair and unlawful business practices alleged herein, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with whom they compete, in violation of the UCL.

57.     Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Named Plaintiffs and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendants received and continues to hold ill-gotten gains belonging to Named Plaintiffs and the putative class members and Defendants have profited in that amount from their unlawful practices.

58.     Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair

competition and order disgorgement of all profits gained by operation of the unfair business practices. Named Plaintiffs and the putative class members are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies, excluding penalties provided under the California Labor Code, unlawfully withheld from them since the four years preceding the filing of this Complaint and up to the present.

59. Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees. Named Plaintiffs therefore seek restitution of all lost wages and work benefits, plus interest, disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

## **PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

1. For an order certifying the First, Second, and Fourth Causes of Action as a class action;

2. For an order designating Named Plaintiffs as class representatives with respect to the certification of the First, Second, and Fourth Causes of Action as a class action;

3. For an order designating Named Plaintiffs' counsel of record as class counsel with respect to the certification of the First, Second, and Fourth Causes of Action as a class action;

4. For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;

5. For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with the requisite rest periods in accordance with California law during the statutory period as defined by the Court at the time of certification;

6. For an award of damages pursuant to California Labor Code section 226(e);

7. For an award of statutory and civil penalties pursuant to California Labor Code section 2699 equal to the penalties provided in Labor Code §§ 226.3, 558, and 2699(f) and Wage Order 1-2001 and pursuant to California Business & Professions Code section 17206;

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

8.      For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code section 17203;

9.      For preliminary and permanent injunctive relief enjoining the Defendants from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

10.     For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code section 17203;

11.     For declaratory relief;

12.     For prejudgment and postjudgment interest on all sums awarded;

13.     For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code sections 226(e), 226(h) and 2699, California Code of Civil Procedure section 1021.5 and any other appropriate statutes;

14.     For costs of suit; and

15.     For such other and further relief as the Court may deem proper and just.

Dated: February 22, 2021                          Respectfully submitted,

                                                  **GILBERT & SACKMAN**
                                                  A Law Corporation


                                                  By: _____
                                                          Joshua F. Young
                                                          Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1

2

3                        **DEMAND FOR JURY TRIAL**

4          Named Plaintiffs Larry Barragan and Frank Calandrino, individually and on behalf of all

5   similarly situated current and former employees of Defendants, hereby request a jury trial on all claims

6   so triable.

7

8   Dated: February 22, 2021                        Respectfully submitted,

9                                                   **GILBERT & SACKMAN**
                                                    A Law Corporation
10

11

12                                                  By: _____

13                                                        Joshua F. Young
                                                          Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Joshua F. Young (SBN 232995)
3699 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010

TELEPHONE NO.: (323) 938-3000    FAX NO. (Optional): (323) 937-9139
ATTORNEY FOR (Name): Larry Barragan and Frank Calandrino

**FOR COURT USE ONLY**

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**FEB 22 2021**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Tanya Herrera, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Barragan, et al. v. Kinder Morgan, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | **21STCV06844** |
| (Amount demanded exceeds $25,000) | (Amount demanded $25,000) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

**By Fax**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four (4)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 22, 2021

Joshua F. Young
_____
(TYPE OR PRINT NAME)

▶   ◯◯◯
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Barragan, et al. v. Kinder Morgan, Inc., et al. | CASE NUMBER 21STCV06844 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**By Fax**

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Barragan, et al. v. Kinder Morgan, Inc., et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
|  | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
|  | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
|  | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
|  | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
|  | ☐ A6032  Quiet Title | 2, 6 |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Barragan, et al. v. Kinder Morgan, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Barragan, et al. v. Kinder Morgan, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ✓ 1. ✓ 2. ✓ 3.  4.  5.  6.  7.  8.  9.  10.  11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ____Central____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 22, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **02/22/2021** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ T. Herrera _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | **CASE NUMBER:** 21STCV06844 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Ann I. Jones | 11 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/22/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By T. Herrera _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

<u>**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

<u>**APPLICATION**</u>
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

<u>**PRIORITY OVER OTHER RULES**</u>
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

<u>**CHALLENGE TO ASSIGNED JUDGE**</u>
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

<u>**TIME STANDARDS**</u>
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

<u>**COMPLAINTS**</u>
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

<u>**CROSS-COMPLAINTS**</u>
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

<u>**STATUS CONFERENCE**</u>
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

<u>**FINAL STATUS CONFERENCE**</u>
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

<u>**SANCTIONS**</u>
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

<u>**Class Actions**</u>
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

<u>**\*Provisionally Complex Cases**</u>
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span style="text-align:center">(INSERT DATE)</span>                                  (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       iii.   Be filed within two (2) court days of receipt of the Request; and

       iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                                        JUDICIAL OFFICER

### Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager Info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day-of-trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**:  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2